UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERNDIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | No. 2:19-cr-19 |
| Plaintiff, | |
| v. | |
| RALPH FLETCHER HEPNER, JR., | Hon. PAUL L. MALONEY |
| | U.S. District Judge |
| Defendant. | |
| _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Ralph Fletcher Hepner the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** Defendant agrees to plead guilty to Count 3 of the Indictment. Count 3 charges Defendant with Abusive Sexual Contact with a Child under Twelve Years in violation of Title 18, United States Code, Sections 2444(a)(5), 2244(c), 2241(c), 2246(3), 1151 and 1152.

2. **Defendant Understands the Crime.** In order for Defendant to be guilty of violating Title 18, United States Code, Sections 2444(a)(5), 2244(c), 2241(c), 2246(3), 1151 and 1152, the following must be true:

   a. That Defendant knowingly engaged in or caused sexual contact with the intent to abuse, humiliate or harass, degrade or arouse or gratify the sexual desire of any person;

   b. The victim had not attained the age of 12 years at the time of the offense;

      c.      That Defendant is a non-Indian as defined by federal law;

      d.      That A.L.P. is an Indian as defined by federal law; and

      e.      That the offense was committed in Indian country.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.      **Defendant Understands the Penalty.** The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2444(a)(5), 2244(c), 2241(c), 2246(3), 1151 and 1152, is the following: imprisonment for any term of years up to life; any term of years not less than 5 or up to life of supervised release; a fine of $250,000; a mandatory special assessment of $100; and an additional special assessment of $5,000. Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4.      **Sex Offender Registration.** Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

5.      **Mandatory Restitution (MVRA).** Defendant understands that he will be required to pay full restitution as required by law.

6.      **Supervised Release Defined.** Supervised release is a period of time following imprisonment during which Defendant will be subject to various

restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Between on or about January 1, 2018, and February 16, 2018, Defendant knowingly engaged in and caused sexual contact with A.L.P. This occurred while at their residence located on the Sault Ste. Marie Tribe's reservation. Specifically, while alone with A.L.P. and her siblings, Defendant took A.L.P from her bedroom into their living room. Defendant then touched her genitalia with his hand. This was done with the intent to arouse and gratify his sexual desires. A.L.P. was nine years old at the time of the offense. Defendant is a non-Indian. A.L.P. is an enrolled member of the Sault Ste. Marie Tribe of Chippewa Indians and thus an Indian as defined by federal law.

Defendant furthers agrees that the government would present testimony and exhibits at sentencing that would show that Defendant, while alone with ALP and her siblings, took ALP from her bedroom into the living room. He then prevented ALP from returning to her bedroom. Once in the living room, he sat on the couch

with ALP and penetrated her genital opening with his finger. This was done underneath A.L.P.'s clothing and was skin-to-skin contact.

Defendant understands that the government will argue that the conduct described above qualifies as criminal sexual abuse or an attempt to engage in criminal sexual abuse as defined in 18 U.S.C. § 2241.

8. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

9. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory Choose an item. penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

12. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public

5

trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13. <u>Waiver of Other Rights.</u>

   a. Waiver. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

   b. Exceptions. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

   i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

   ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

   iii. the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

   iv. Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

   v. the guilty plea was involuntary or unknowing;

   vi. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

14. <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

16. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

Nov. 23, 2020
Date

FOR HANNAH N. BOBEE
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

11-18-2020
Date

*(signature)*
RALPH FLETCHER HEPNER, JR.,
Defendant

I am Ralph Fletcher Hepner's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11-19-2020
Date

*(signature)*
ELIZABETH LACOSSE
Attorney for Defendant

10