UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RALPH FLETCHER HEPNER, JR.,

       Defendant.

_____/

Case no. 2:19-cr-019

Hon. Paul L. Maloney
United States District Judge

## DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT
## OF MOTION FOR DOWNWARD VARIANCE

It is a rare circumstance that this Court is dealing with a person who has no significant, prior criminal history. Add that to the calculated guideline offense and you will see, that the guidelines in this case are clearly greater than necessary to fashion a just sentence.

One of several factors a sentencing court must consider in imposing a sentence is the sentencing guidelines. *18 U.S.C. § 3553(a)(4)*. However, because of *Booker*, a sentencing court is no longer bound by the calculated sentencing guideline range, but must only "take account" of the guidelines. *See: Cunningham v. California*, 549 U.S. 270, 287; 127 S. Ct. 856; 166 L. Ed. 2d 856 (2007). But, the Supreme Court has not stopped there in expressing its concern over the excessive influence formerly accorded the guidelines:

> "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after

> giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." (Footnote Omitted). *Gall v. United States*, 552 U.S. 38; 128 S. Ct. 586, 596-7; 169 L. Ed. 2d 445 (2007).

Variances from the guideline range "based solely on policy considerations, including disagreements with the guidelines" are now available [*Kimbrough v. United States*, 552 U.S. 85; 128 S. Ct. 558, 570; 169 L. Ed. 2d 481 (2007)], <u>so too if the proposed guideline sentence does not properly reflect the remaining sentencing considerations</u>. *Rita v. United States*, 551 U.S. 338; 127 S. Ct. 2456, 2465; 168 L. Ed. 2d 203 (2007).

It is also difficult to advocate in cases in which children are harmed. As I have stated in the past, that is because we dehumanize sex offenders. In setting aside our implicit bias, in this case, I think we can see that even when dealing with sex offenders, there are different levels of sex offenders and different levels of offenses that they commit.

Mr. Hepner committed a serious crime. But, we know that there are much more serious sex offenses out there, yet his guidelines come out to the top end of sex offenses. That is because the guidelines have made it that way. They over count enhancements so from the numbers there is no difference between a man like Mr. Hepner who has remorse, took responsibility for his crime and did conduct that is on the lesser level of a sex offense. Now compared to a man who demands a trial and exposes the child to testifying and committed conduct that included penial-vaginal penetration and did it many more times and to many more children than Mr. Hepner.

Just look at the enhancements that apply to Mr. Hepner's case, starting with the cross reference. Compare the guideline calculations when you compare the two crimes. If we used the guidelines for Mr. Hepner's offense of conviction with the Chapter Four enhancement, you would also get a five-level increase, making his guidelines offense level 31 and criminal history score I. That is a range of 108-135 months, as compared to the current guideline range of 360 to life.

Moving on to the enhancements, we have one for four levels from force or coercion (unpled to conduct), and then four more levels for a child under 12, and then two for a stepparent. This takes the already higher cross reference offense level to 40, a ten-level bump. And, if that isn't enough, then there is the five-level enhancement under Chapter 4 for a pattern and age (in our case he touched the child two times). This brings us to level 45 without acceptance. Now again, this is the same scoring that someone who egregiously committed multiple acts of penial penetration with a child or multiple children would receive. Of course the government may counter that the Court can use the low end of the guideline to adjust this, but in all reality a man the age of 53 who spends the next 30 years in prison is most likely looking at a life sentence anyways.

For most of his adult life, Ralph Hepner was a law-abiding citizen. He is the type of sex offender who could be rehabilitated through counseling and therapy. Obviously he does also need to be punished. We suggest to the Court that punishing Ralph Hepner as we would the most egregious sex offender is not necessary. We ask this Court to vary and apply a very serious sentence of 20 years in prison. This would accomplish the goals of sentencing and take into consideration his acceptance of responsibility and the harm he

actually caused.  It is also substantially above the guideline range for the conviction offense without the cross reference.  He would be 73 years old at the time of his release.

                                              Respectfully submitted,

                                              SHARON A. TUREK
                                              Federal Public Defender

Dated:  March 30, 2021                 /s/ Elizabeth A. LaCosse
                                              ELIZABETH A. LaCOSSE
                                              Assistant Federal Public Defender
                                              925 W. Washington, Suite 104
                                              Marquette, Michigan 49855
                                              (906) 226-3050